1
2
3
4
5
6
7
8                    **UNITED STATES DISTRICT COURT**
9                    **EASTERN DISTRICT OF CALIFORNIA**
10

| ROBERT J. WHITE, | ) Case No.: 1:17-cv-00842-DAD-JLT (HC) |
|---|---|
| Petitioner, | ) |
| v. | ) FINDINGS AND RECOMMENDATION TO |
|  | ) DISMISS PETITION |
| SHAWN HATTON, Warden, | ) |
| Respondent. | ) |

Petitioner is currently in the custody of the California Department of Corrections and Rehabilitation serving a sentence of 26 years-to-life for his conviction in Kern County of possession of a handgun by a felon and possession of ammunition by a felon. In this petition, he challenges a state court decision denying his petition for recall of sentence under California's Proposition 36. Upon review of the petition, it is clear that Petitioner is not entitled to habeas relief. Therefore, the Court recommends that the petition be **SUMMARILY DISMISSED**.

## I.     PROCEDURAL BACKGROUND

In 2003, Petitioner was convicted by a jury trial of possession of a firearm and ammunition after having been previously convicted of a violent felony, with two prior strike convictions. People v. White, 2017 WL 56881, at *1 (Cal. Ct. App. Jan. 5, 2017), *review denied* (Mar. 22, 2017). He was sentenced to a third strike term of 25 years-to-life, plus a one-year enhancement. Id. After the

1

enactment of California's Proposition 36 (Cal. Penal Code § 1170.126), Petitioner filed a petition for recall of his sentence, and argued he was eligible for resentencing because he was not convicted of a serious or violent felony. Id. The superior court denied the petition, finding Petitioner statutorily ineligible. Id. Specifically, the court reviewed the record and determined that Petitioner had been *armed* with a firearm and not merely in *possession* of a firearm, thereby rendering him ineligible. Id.

Petitioner appealed to the California Court of Appeal, Fifth Appellate District ("Fifth DCA"). On January 5, 2017, the Fifth DCA affirmed the superior court's judgment. Id. Petitioner petitioned for review to the California Supreme Court, but review was denied on March 22, 2017. Id.

## II. DISCUSSION

### A. Preliminary Review of Petition

Rule 4 of the Rules Governing Section 2254 Cases requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court must summarily dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." Rule 4; O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990). The Advisory Committee Notes to Rule 8 indicate that the Court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. Herbst v. Cook, 260 F.3d 1039 (9th Cir. 2001).

### B. Failure to State a Cognizable Federal Claim

Petitioner raises two claims challenging the state court decision denying his petition for recall of his sentence. In his first claim, he alleges the state court erred in rendering its decision, because it found facts by utilizing the preponderance of evidence standard rather than the mandated beyond a reasonable doubt standard. In his second claim, he contends he is constitutionally entitled to a jury trial on any factual findings concerning his third strike sentence. He argues the state court erred by making its own factual findings rather than by submitting that determination to a jury. As discussed below, Petitioner is not entitled to federal habeas relief on either claim.

Federal collateral review of a state criminal conviction is limited to determining whether a petitioner's federal constitutional or other federal rights have been violated and does not extend to review of a state's application of its own laws. Jackson v. Ylst, 921 F.2d 882, 885 (9th Cir.1990);

Cacoperdo v. Demosthenes, 37 F.3d 504, 507 (9th Cir. 1994) (recognizing that the decision whether to impose sentences concurrently or consecutively is a matter of state criminal procedure and is not within the purview of federal habeas corpus). Federal courts must defer to the state courts' interpretation of state sentencing laws. Estelle v. McGuire, 502 U.S. 62, 67-68 (1991); Bueno v. Hallahan, 988 F.2d 86, 88 (9th Cir.1993). Absent a showing of fundamental unfairness, a state court's application or misapplication of its own sentencing laws does not generally justify federal habeas relief. Christian v. Rhode, 41 F.3d 461, 469 (9th Cir.1994). "So long as the type of punishment is not based upon any proscribed federal grounds such as being cruel and unusual, racially or ethnically motivated, or enhanced by indigency, the penalties for violations of state statutes are matters of state concern." Makal v. Arizona, 544 F.2d 1030, 1035 (9th Cir.1976).

A criminal defendant is entitled to a trial by jury and to have every element necessary to sustain his conviction proven by the state beyond a reasonable doubt. U.S. Const. amends. V, VI, XIV. In Apprendi v. New Jersey, 530 U.S. 466, 490 (2000), the United States Supreme Court held that the Due Process Clause of the Fourteenth Amendment requires any fact other than a prior conviction that "increases the penalty for a crime beyond the prescribed statutory maximum" to be "submitted to a jury and proved beyond a reasonable doubt." In Blakely v. Washington, 542 U.S. 296, 303-04 (2004), the United States Supreme Court decided that a defendant in a criminal case is entitled to have a jury determine beyond a reasonable doubt any fact that increases the statutory maximum sentence, unless the fact was admitted by the defendant or was based on a prior conviction. The Supreme Court also clarified the definition of "statutory maximum" for purposes of this constitutional rule by stating: "the relevant 'statutory maximum' is not the maximum sentence a judge may impose after finding additional facts, but the maximum he may impose without any additional facts." Id. In United States v. Booker, 543 U.S. 220 (2005), the United States Supreme Court applied Blakely to the Federal Sentencing Guidelines. The court again clarified that "'the statutory maximum' for Apprendi purposes is the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant." Id. at 232. Citing the decisions in Apprendi and Blakely, the Supreme Court in Cunningham v. California, 549 U.S. 270, 288-89 (2007), held that California's Determinate Sentencing Law violates a defendant's right to a jury trial to the extent it permits a trial

3

court to impose an upper term based on facts found by the court rather than by a jury. The court determined that "the middle term prescribed in California's statutes, not the upper term, is the relevant statutory maximum." Id. at 288. The Ninth Circuit has subsequently held that Cunningham may be applied retroactively on collateral review. Butler v. Curry, 528 F.3d 624, 639 (9th Cir. 2008).

In rejecting Petitioner's claims, the Fifth DCA found that the Sixth Amendment was not implicated under Supreme Court precedent, because California's Proposition 36 is a sentence "reduction" rather than the statutory maximum for the relevant offense. White, 2017 WL 56881, at *8 (citing People v. Osuna, 225 Cal.App.4th 1020, 1040 (2014) ("court's determination [] that defendant was armed with a firearm during the commission of his current offense did not increase the penalty to which defendant was already subject, but instead disqualified defendant from an act of lenity")). The state court's determination concerning California's Proposition 36 is binding on this court. See Bradshaw v. Richey, 546 U.S. 74, 76 (2005) ("We have repeatedly held that a state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting in habeas corpus"). Therefore, petitioner's prison sentence did not exceed the statutory maximum for his crimes and is not prohibited by the rule of law established in Apprendi, Cunningham, or Blakely. Therefore, the state appellate court's decision rejecting petitioner's claims was not contrary to or an unreasonable application of federal law and may not be set aside. See Lockyer, 538 U.S. at 75; Williams, 529 U.S. at 413.

Turning to Petitioner's specific claims concerning the standard of proof and the right to a jury trial on facts concerning his third strike sentence, it is clear Petitioner is not entitled to habeas relief. No Supreme Court precedent, or authority from the Ninth Circuit, has held that a California trial court cannot make its own factual determinations when refusing to grant a prisoner's petition for recall and re-sentencing under P.C. § 1170.126, or that a trial court's making such factual determinations in denying a prisoner's request for a reduced sentence violates Apprendi. Where no "clearly established federal law" in the form of a Supreme Court holding "squarely establishes" an applicable rule, or "squarely addresses" the issue raised, a federal habeas court must defer to the state courts' denial of such a claim because such a denial cannot be "contrary to, nor an unreasonable application of" non-existent Supreme Court precedent. Knowles v. Mirzayance, 556 U.S. at 121–23 (holding that it is not

4

an "unreasonable application of clearly established Federal law" for state court to decline to apply specific legal rule that has not been "squarely established" by the Supreme Court); see also Wright v. Van Patten, 552 U.S. 120, 125–26 (2008) (where Supreme Court cases do not "squarely address" or give clear answer to federal habeas question presented, it cannot be said that state court unreasonably applied clearly established federal law); Carey v. Musladin, 549 U.S. 70, 76 (2006) (where Supreme Court has never applied existing precedents to precise facts, and proposed issue is an "open question" in Supreme Court jurisprudence, habeas relief not available under AEDPA).

Moreover, the United States Supreme Court has already concluded that its opinions regarding a defendant's Sixth Amendment right to have essential facts found by a jury beyond a reasonable doubt do not apply to limits on downward sentence modifications due to intervening laws. Dillon v. United States, 560 U.S. 817, 828 (2010). At issue in Dillon was a modification to the federal sentencing guideline range for the offense of which the defendant was convicted. The Supreme Court noted that the modification "represented a congressional act of lenity." Id. The Court stated that the proceedings at issue in Dillon did not implicate the Sixth Amendment because any determination by the judge would not serve to increase the prescribed range of punishment. Id. The statute simply authorized a limited adjustment to an otherwise final sentence. Id. at 826. The Court stated:

> Taking the original sentence as given, any facts found by a judge at a [downward modification] proceeding do not serve to increase the prescribed range of punishment; instead, they affect only the judge's exercise of discretion within that range. '[J]udges in this country have long exercised discretion of this nature in imposing sentence *within [established] limits* in the individual case,' and the exercise of such discretion does not contravene the Sixth Amendment even if it is informed by judge-found facts.

Id. at p. 828-29 (quoting Apprendi, 530 U.S. at 481).

In light of the foregoing, including that California's Proposition 36 re-sentencing scheme does not violate Apprendi and its progeny, and the procedures utilized by a re-sentencing court are wholly matters of California state law, Petitioner is not entitled to habeas relief. The Court should dismiss the petition.

### III. RECOMMENDATION

Accordingly, the Court RECOMMENDS that the petition be **SUMMARILY DISMISSED** with prejudice.

5

| | |
|---|---|
| 1 | This Findings and Recommendation is submitted to the United States District Court Judge |
| 2 | assigned to this case, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304 of the |
| 3 | Local Rules of Practice for the United States District Court, Eastern District of California. Within |
| 4 | twenty-one days after being served with a copy, Petitioner may file written objections with the court |
| 5 | and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate |
| 6 | Judge's Findings and Recommendation." The Court will then review the Magistrate Judge's ruling |
| 7 | pursuant to 28 U.S.C. § 636 (b)(1)(C). Petitioner is advised that failure to file objections within the |
| 8 | specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d |
| 9 | 1153 (9th Cir. 1991). |

IT IS SO ORDERED.

Dated: **July 13, 2017**     **/s/ Jennifer L. Thurston**
UNITED STATES MAGISTRATE JUDGE